IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SAMAR AKINS, | |
| Plaintiff, | 4:23-CV-3205 |
| vs. | ORDER |
| SYSCO LINCOLN INC., | |
| Defendant. | |

This matter is before the Court on its own motion, with respect to the briefing on the defendant's motion to dismiss (filing 5). That motion was filed on November 8, 2023. Pursuant to this Court's rules and the Federal Rules of Civil Procedure, the plaintiff's deadline to respond was December 4. *See* NECivR 7.1(b)(1)(B) (brief opposing motion to dismiss due 21 days after motion is filed); Fed. R. Civ. P. 6(a)(1)(C) and (d) (extending time by 3 days for non-electronic filers and to the Monday following a weekend). The defendant's reply deadline was 7 days after the response, or no later than December 11. *See* NECivR 7.1(c)(1).

Instead, on December 5, 2023, the plaintiff filed an untimely "Motion to Deny Defendant's Motion to Dismiss" (filing 7), which is not consistent with this Court's rules. *See* NECivR 7.1(b)(1)(A) (opposing party should not file an "objection" or other similarly titled opposition—rather, party should file a brief). The defendant filed a timely reply brief in December 7. Filing 8.

Then, the plaintiff filed something else—purportedly, another motion. Filing 9. But the substance of that "motion"—just like the plaintiff's previous motion—relates to the defendant's motion to dismiss. *See* filing 9. It is, in effect, another brief opposing the defendant's motion—which, again, isn't

allowed by this Court's rules. *See* NECivR 7.1(c)(3) (no party may file further briefs or evidence without the Court's leave). While the Court will construe the plaintiff's first "motion" as his authorized brief in opposition, the Court will not permit the plaintiff to disregard this Court's rules *and* attempt to obtain an unfair advantage by doing so. Accordingly,

IT IS ORDERED:

1. The plaintiff's "motion to deny motion" (filing 7) is accepted as a brief in opposition to the defendant's motion to dismiss (filing 5).

2. The plaintiff's "motion for violation of candor toward tribunal" is an unauthorized sur-reply brief and is stricken.

3. The defendant's motion to dismiss (filing 5) is fully briefed and is under submission to the Court. No further briefing is required or permitted.

Dated this 18th day of December, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge