IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SAMAR AKINS, | |
| Plaintiff, | 4:23CV3205 |
| vs. | |
| SYSCO LINCOLN INC., | ORDER |
| Defendant. | |

Plaintiff filed a motion for court-appointed counsel. Filing No. 25. In this motion, he advises he is not legally trained, Defendant is represented by two attorneys, the appointment of counsel will help expedite the matter, and he is more likely to prevail if he has counsel.

A civil litigant has no constitutional or statutory right to a court-appointed attorney. The Court may, however, make such an appointment at its discretion. *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996). A trial court has broad discretion to decide whether both the pro se party and the Court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the pro se party's ability to investigate the facts and present or defend the claims. *Id.*; *see also Perez v. Hilton Double Tree*, 4:22CV3050, 2022 WL 1158564 (D. Neb. Apr. 19, 2022) (stating that a court may request an attorney to represent an indigent civil litigant, but that it has discretion in deciding whether to do so). The Court may also consider whether and to what extent the unrepresented party made any effort to retain counsel before seeking court-appointed counsel.

1

Considering all these factors, the Court finds appointment of counsel is not warranted under the facts presented. The claims and defenses at issue are not factually or legally complex and there is no sufficient showing of efforts made to locate counsel without court assistance. *Davis*, 94 F.3d at 447.

Accordingly,

IT IS SO ORDERED that Plaintiff's motion for court-appointed counsel is denied without prejudice to reassertion. Filing No. 25.

Dated this 12th day of August, 2024.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge