IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SAMAR AKINS,<br><br>Plaintiff,<br><br>vs.<br><br>SYSCO LINCOLN INC.,<br><br>Defendant. | 4:23CV3205<br><br>ORDER |

Before the Court are Defendant's Motion to Reopen Discovery for a Limited Purpose, Filing No. 37, and Plaintiff's Motion for Appointment of Counsel. Filing No. 39. Upon consideration and for the reasons set forth herein, the Court grants Defendant's motion, Filing No. 37, and denies Plaintiff's motion, Filing No. 39, without prejudice.

**Motion to Reopen Discovery – Filing No. 37**

Plaintiff's complaint sets forth claims of employment discrimination against Defendant. More specifically, Plaintiff argues his job offer with Defendant was revoked before his employment began based on his race and in retaliation for a lawsuit Plaintiff had filed against Defendant. Filing No. 1-1.

Discovery commenced in June 2024. Filing No. 17. While written discovery closed in November 2024, Defendant now requests the Court allow it to reopen discovery for the limited purpose of allowing Defendant to subpoena copies of Plaintiff's cell phone records. Filing No. 37. In support, Defendant provides that

new information was discovered during Plaintiff's deposition on March 6, 2025. Filing No. 37. During this deposition, Plaintiff testified he spoke by phone with a representative of Defendant who offered Plaintiff a job with Defendant. Filing No. 38-1. According to Plaintiff's deposition testimony, Defendant's representative advised Defendant offered Plaintiff a job because of the charge of discrimination he filed. *Id*. Plaintiff also testified that this representative of Defendant advised, in a later call with Plaintiff, that Defendant was "discriminating against [him]" and "being racist against [him] again." *Id*. Plaintiff further testified he communicated with Defendant's representative through Facebook messenger.

Defendant now seeks Plaintiff's phone records as the records will "either directly support or undermine [Plaintiff's] claims about whether he had the conversations with [Defendant's representative]." Filing No. 37 at 3. Plaintiff did not file a timely response to Defendant's motion.

Given the evidence before the Court, the Court finds Defendant has shown good cause to reopen written discovery for a limited purpose, namely, so Defendant can subpoena Plaintiff's cell phone records. *See* Fed. R. Civ. P. 16(b)(4). Accordingly, the Court grants Defendant's motion and hereby permits Defendant to issue a subpoena for Plaintiff's cell phone records.

### **Plaintiff's Motion for Appointment of Counsel – Filing No. 39**

Plaintiff filed a renewed motion for appointment of counsel. Filing No. 39. In this motion, Plaintiff advises he does not have the funds to retain an attorney and has attempted to obtain at least one attorney to represent him. He further advises that he has gone so far as to filing a discrimination case against a law firm that refused to represent him. Plaintiff advises it is in the best interest of the public for the Court to appoint him counsel as this would "promote and perceive equality in that every member of the community be represented by a competent unbiased counsel." Filing No. 39. Plaintiff appears to incorporate the statements set forth in his original motion for appointment of counsel in which he advised he was not

legally trained, Defendant is represented by two attorneys, the appointment of counsel would help expedite the matter, and Plaintiff is more likely to prevail if he has counsel. *Id.*

As previously noted, a civil litigant has no constitutional or statutory right to a court-appointed attorney. The Court may, however, make such an appointment at its discretion. *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996). A trial court has broad discretion to decide whether both the pro se party and the Court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the pro se party's ability to investigate the facts and present or defend the claims. *Id.*; *see also Perez v. Hilton Double Tree*, 4:22CV3050, 2022 WL 1158564 (D. Neb. Apr. 19, 2022) (stating that a court may request an attorney to represent an indigent civil litigant, but that it has discretion in deciding whether to do so). The Court may also consider whether and to what extent the unrepresented party made any effort to retain counsel before seeking court-appointed counsel.

Considering all these factors, the Court finds appointment of counsel is not warranted under the facts presented. The claims and defenses at issue are not factually or legally complex. *Davis*, 94 F.3d at 447. As such, the Court denies Plaintiff's motion without prejudice. Filing No. 39.

Accordingly,

IT IS SO ORDERED that:

1) Defendant's motion to reopen discovery, Filing No. 37, is granted;
2) Plaintiff's motion for court-appointed counsel, Filing No. 39, is denied without prejudice to reassertion.

Dated this 1st day of May, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge