IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SAMAR AKINS,

             Plaintiff,

    vs.

SYSCO LINCOLN INC.,

             Defendant.

**4:23CV3205**

**ORDER**

Plaintiff filed a Motion for Recusal, Filing No. 45, in which he requests the undersigned recuse herself from this case due to alleged bias and conflict of interest. For the reasons below, the motion will be denied.

"Motions to recuse may be based on either of two federal statutes, *see* 28 U.S.C. §§ 144, 455, but under either statute the standard is the same: recusal is required if the judge bears a bias or prejudice that might call into question his or her impartiality." *Akins v. Knight*, 863 F.3d 1084, 1086 (8th Cir. 2017) (internal quotation omitted). A party seeking recusal "carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *United States v. Ali*, 799 F.3d 1008, 1017 (8th Cir. 2015) (quoting *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2023).

A judge must apply an objective standard of reasonableness in determining whether recusal is required. *United States v. Delorme*, 964 F.3d 678, 681 (8th Cir. 2020) (internal quotation omitted). "The question is whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." *Id.* Further, due process requires recusal when "the probability of actual bias on the part of the judge or decisionmaker is too high

to be constitutionally tolerable." *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 872 (2009).

"Relief under section 144 is expressly conditioned on the timely filing of a legally sufficient affidavit." *Holloway v. United States*, 960 F.2d 1348, 1355 (8th Cir. 1992); *see United States v. Johnson*, 827 F.3d 740, 746 (8th Cir. 2016) (a legally sufficient affidavit is required to disqualify a judge from hearing a case). Here, Plaintiff has not filed any affidavit in support of his motion, much less a legally sufficient affidavit and, as such, he is not entitled to relief under 28 U.S.C. § 144. *See Lightfeather v. Blue*, 8:22CV247, 2024 WL 3742315 at *1 (D. Neb. Aug. 9, 2024) (concluding same).

A recusal motion may also be considered under 28 U.S.C. § 455. This statute provides that a judge shall disqualify herself where "[s]he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). As mentioned herein, "[u]nder both § 144 and 455, the moving party is required to show personal bias or prejudice on the part of the presiding judge." *U.S. v. Jones*, 801 F.2d 304, 312 (8th Cir. 1986). "To be disqualifying, the judge's bias or prejudice must stem from an extrajudicial source." *Id.*; *Rossbach v. United States*, 878 F.2d 1088, 1089 (8th Cir. 1898) ("[T]here is no basis for disqualification absent a showing of personal bias or prejudice arising from an extrajudicial source."). "Judicial rulings rarely establish a valid basis for recusal." *United States v. Melton*, 738 F.3d 903, 906) (8th Cir. 2013).

In support of his allegations of bias and conflict of interest, Plaintiff references the undersigned's former employment as an "attorney who practiced the same type of law and represented the same type of clients as the defendant's counsel" and the undersigned's comments regarding when settlement negotiations may be appropriate. Filing No. 45.  The undersigned has listened to the most recent call with the parties, which was recorded, and believes Plaintiff is referring to the undersigned's comment that "What I assume is going on right now, but I

don't want to make an assumption, is that part of the reason Defendants have not talked with you about settlement is because they had a pending motion to dismiss." Filing No. 33 at 6:50-7:03. The undersigned's comment was thereafter confirmed by Defendants' counsel. Filing No. 33 at 7:13-7:44. Plaintiff also references prior rulings by the undersigned as evidence of alleged bias.

However, "none of these facts singly or in combination would provide an objective, knowledgeable member of the public with a reasonable basis for doubting the judge's impartiality." *Akins*, 863 F.3d at 1087 (affirming a district court's denial of a motion to recuse when the judge's husband was connected to one of the defendants, the movant produced a report critical of the judge's ruling in a prior case, due to her former employment, and because claimant's attorney filed a judicial complaint against her in another case). As an initial matter, the undersigned notes that, if the recusal standard required a judge to recuse themselves from every case in which they "practiced the same type of law and represented the same type of clients" as one of the counsel, recusals would be prolific across the judiciary. Second, though not necessary to note, the undersigned will state she represented both plaintiffs and defendants in her former employment.

The undersigned is not biased, for or against, any of the parties to this case. Outside of this case, the undersigned is unaware of any interactions with any individual, party, or attorney, who is involved in this case. In addition, the undersigned has no conflict of interest to continue to preside as the magistrate judge on this case. The undersigned believes she has handled the above-captioned case in accordance with the law and there is no basis for concluding her "impartiality might reasonably be questioned." *Southwestern Bell Telephone Co. v. F.C.C.*, 153 F.3d 520, 523 (8th Cir. 1998). Rather, she is obligated not to recuse herself because there is no valid reason for doing so. *Id.*

For the reasons set forth herein, Plaintiff's the Motion for Recusal, Filing No. 45, is denied.

IT IS SO ORDERED.

Dated this 21st day of May, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge